## CLAUDE DECKER v. STATE.

No. A-4831. Opinion Filed June 6, 1925.
Rehearing Denied September 7, 1929.
(279 Pac. 915.)

MacDonald & MacDonald, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below. Defendant, with two brothers, was informed against in the district court of Bryan county for an assault with intent to kill one Tom Caswell. They were jointly tried, the brothers were acquitted, and the defendant was convicted of "assault with intent to do bodily harm," and his punishment fixed at a term of 2 years in the penitentiary.

Only two assignments of error are argued in the brief: First, that the verdict is contrary to the evidence and is excessive; second, that there is error in the instructions of the court.

Upon the first assignment, the record discloses that defendant is a young man, crippled by the loss of one leg. Prosecuting witness, Caswell, is an old man about 65 years of age. There was some ill feeling between them. A few days before the occasion in question, Caswell had ordered defendant from his premises, and had led him to the gate and ordered him to stay away. There was evidence that between the time defendant was ordered to stay away from the premises of the prosecuting witness and the time of the difficulty the brothers of defendant had stated that there was going to be trouble between them, and had said that Claude, referring to the defendant, was not going to take a "son of a bitch off of Dad," referring to the prosecuting witness, and that there was going to be one of the "damndest fights that you ever saw." At the time of the difficulty the prosecuting witness, Caswell, was driving a team along the road. Immediately behind him was his son with a team, and immediately behind him were the two Deckers, brothers of the defendant, with a team. These parties were working on the state highway. The defendant did not work there, and the evidence of the state is that he came out of the weeds by the side of the road, met Caswell driving a wagon, seized the horses' bridle bits or bridle, cursed and threatened the prosecuting witness, that the team reared and overturned the wagon, threw out the prosecuting witness, and the defendant then struck the prosecuting witness over the head with a rock and with knucks, and made some serious cuts and wounds.

As to the brothers, the evidence is both pro and con whether they offered any encouragement to defendant or aided in having him desist. The son of the prosecuting witness, Caswell, also participated during some part of the fray. The evidence of the defendant sharply conflicts

with the evidence of the state. The defendant in his testimony admitted the previous difference at the home of the prosecuting witness. He testified that, when he met the prosecuting witness at the wagon at the scene of the difficulty, the witness began the trouble by throwing rocks at him, and then jumped out of his wagon to assault him, and that he acted in his self-defense. His brothers, codefendants, and two other persons with them, corroborated him in the main.

This court holds that, before it will reverse a conviction on the ground that the verdict is not sustained by the evidence it must appear that there is no testimony from which the jury could rationally conclude the defendant was guilty, or it must be so clearly against the weight of the evidence that the court must conclude that the jury were influenced by improper motives in arriving at its verdict, or that there is no evidence upon some material issue. The conflict in the evidence, or a verdict against the mere weight of the evidence, will not overturn the verdict of a jury on the ground of insufficiency of the evidence. Under our system of jurisprudence the jury are the exclusive judges of the credibility of the witnesses, the weight and value of their testimony, and the facts proven. They see the witnesses, observe their manner of testifying, their candor and frankness or their lack thereof, and are in better position to determine the facts than this court could possibly be. The punishment assessed at 2 years in the penitentiary is not necessarily excessive. Under the statute on which the defendant was convicted, punishment might be assessed as much as 5 years in the penitentiary, and, where an assault is made with knucks or with a rock upon the head of another, inflicting serious wounds, a punishment of 2 years is not clearly excessive.

Difficulties such as this result in homicides, and the law wisely fixes a severe punishment.

Upon the second assignment—i. e., the error of the court in its instructions—counsel for the defendant say that:

"It is very hard to point out the vice of these instructions, as they are so worded that they contain all the legal requirements in such a case.  *  *  *"

While this assignment is indefinite and does not conform to the rules of the court, yet we have examined the instructions with care and do not perceive any prejudicial error.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.

On Petition for Rehearing.

EDWARDS, P. J.  On petition for rehearing it is earnestly urged that the punishment is excessive.  The Attorney General has agreed that the judgment is excessive and recommends that it be reduced.  The judgment is therefore modified to confinement in the state penitentiary for a term of six months.

The petition for rehearing is overruled.

DAVENPORT and CHAPPELL, JJ., concur.